## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

**KEITH W. CANTER**

                            **CASE NO.:**   **1:17-cv-00399**

          **Plaintiff,**

                            **JUDGE:**     **DLOTT**

**vs.**

                            **MAGISTRATE JUDGE:**    **LITKOVITZ**

**BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, INC.**

          **Defendant.**

### PLAINTIFF KEITH W. CANTER'S AMENDED FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS ISSUED TO DEFENDANT, BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, INC.

A.   <u>Instructions for Answering Interrogatories</u>

Defendant Blue Cross Blue Shield of Massachusetts, Inc. (hereinafter "BCBS of MA") is instructed to furnish all information in its possession and all information available to it, not merely such information actually known to it but also all information that is available to said Defendant, its agents, investigators and attorneys (to the extent not privileged).

Whenever the identity of a person is requested in response to these discovery requests, the identity of any such person shall include, with respect to a natural person, that person's full name, employer or business affiliation, title, business address, residence address, business telephone number, residence telephone number and if the person's current business and residence address are/or telephone numbers are not known, the person's last known business address, business telephone number, residence address,

and residence telephone number. With respect to corporations, firms, partnerships, proprietorships, associations and other such organizations or entities, the identity of a person shall include the address of the principal office or place of business of such person, together with the identity of any officer, representative, agent or employee of that person having knowledge or information concerning the subject matter of the particular discovery request.

If you are unable to answer the following interrogatories completely, answer to the extent possible, specifically stating the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

For the purposes of these interrogatories, the word "document" or "documents" shall include any typed, recorded, graphic, printed, written or documentary matter including, without limitation, correspondence, memoranda, notes, letters, reports, forms, computer data, e-mails, audiotapes, videotapes or photographs, whether in original, reproduced, or copied form. You are requested to attach to your answers any documents which support, verify, or establish the answers you give to these interrogatories. If you do not attach copies of any documents requested herein, please indicate in each instance why you have not done so.

If you or anyone on your behalf asserts privilege or protection as work product or trial preparation material as the basis for objection or failing to respond to part or all of any of these discovery requests, then you shall: (1) identify all information withheld with sufficient particularity to allow the presentation of the matter before the court; (2) identify the nature of the privilege asserted; (3) identify the factual basis or bases for the claim of

privilege; and (4) identify each person who has any knowledge of the information for which the privilege is asserted.

B.      Instructions for Responding to Request for Production of Documents

Plaintiff further requests that the Defendant produce the following documents, in accordance with Fed. Rule of Civil Proc. 36, at the law offices of counsel for Plaintiff in this adversary action (Attention Robert Armand Perez, Sr., The Perez Law Firm Co., LPA, 6921 Fox Hill Lane, Cincinnati, OH  45236-4905) on or before thirty (30) days from the date these requests are served upon the Defendant.  For the purposes of these requests for production, the definitions shall be the same as above:

C.      Instructions and Definitions for Request for Admissions

Plaintiff further requests that the Defendant admit the following matters in accordance with Federal Rule of Civil Procedure 36.  If no response, by either answer or written objection, is received within thirty (30) days, the matter will be deemed admitted under Fed. Rule of Civil Proc. 36.  For the purpose of these requests for admission, the definitions shall be the same as above.

If objection is made, the reasons therefore shall be stated.  The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter on which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder.  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

## PROCEDURAL DISCOVERY

**Interrogatory No. 1:**

In the claim file at Doc. 25, PageID#:  665, there is a notation regarding Plaintiff Canter's condition that "There must be documentation of our member's symptoms, physical findings, imaging results, and specific non-operative therapies including anti-inflammatory medications, activity modifications and either a supervised home exercise program or physical therapy.  Imagingf *(sic.)* must confirm neuro compression or a diagnosis made on electromyography, nerve conduction studies."  Please state the specific page in the Plan provision in which this requirement is contained, noting what document number and page ID number within the Plan this requirement is contained.

**Interrogatory No. 2:**

Please identify each and every medical professional, i.e. M.D., D.O., etc., involved in making a recommendation or a decision on Keith W. Canter's claim including his or her job title, job duties he or she performed with respect to the Plaintiff's claim and his or her medical specialization, if any, to assure the review was by a healthcare professional who has appropriate training and experience in the field of medicine, in this case orthopaedic and/or neurosurgery, and the date on which the determination was made and the document number and the page ID number.

**Interrogatory No. 3:**

Please identify each and every element of the claims investigation of Keith W. Canter's claim that occurred, either directly or indirectly, by the Defendant BCBS of MA, its agents, employees, or other individuals and identify the steps in the investigation before the claim denial and again after the denial and throughout the appeal, the date the investigation occurred, what medical records were sought and obtained, and describe in detail the nature and extent of the investigation and the document number and the page ID number on which such investigation is documented in the record.

**Interrogatory No. 4:**

Defendant BCBS of MA may claim that it has discretionary authority under the terms of the Plan/Certificate of Insurance. Please identify the location and exact wording of any grant of discretion relied upon by BCBS of MA in the Certificate of Insurance and identify the document number and the page ID number on which it occurs.

**Interrogatory No. 5:**

Plaintiff Keith W. Canter, by and through counsel, submitted an appeal that appears in the record filed by Defendant at Doc. 25, PageID#: 732-772 dated November 23, 2016 and stamped "Received" by the law department on November 30, 2016.  Please identify each and every individual who reviewed this appeal, and made a final determination including the name of that individual, the qualifications of that individual to make that determination and when and how such decision was made and where it was communicated to Plaintiff Canter and/or his counsel, and identify the document number and page ID on which such a determination and its communication was made.

**Interrogatory No. 6:**

On April 25, 2016 an individual named Carol Flanagan Abru sent a letter apparently to Plaintiff Keith W. Canter stating, "I am responding to your grievance that we received on March 24, 2016.  Please explain that an actively practicing non-Blue Cross Blue Shield of Massachusetts physician Board Certified in Neurology surgery reviewed your request.  A physician did not take part in prior decisions enumerating various documents that were considered and stating "After considering your situation, the physician has denied coverage.  The reason is the member did not meet the medical

necessity criteria for coverage of lumbar hemolaminectomy and placement of pericutaneous nerve stimulator motor unit because there is no documented motor or sensory deficit, weakness, documented nerve root compression on imaging studies or worsening of motor deficit.  There is no documentation of failure of physical therapy, home exercise or activity modification."  With regard to this, please answer the following that support the reason(s) given by Ms. Abru:

A.      Please identify the individual physician who made this determination and define the physician's qualifications including the training and experience in his/her field of medicine and state the appropriate training and experience the qualifying medical professional possesses to make this determination and identify the document and page ID number on which it appears.

B.      Please state the page upon which the criteria used for this determination is contained with the Plan/Certificate of Insurance identifying the document number and page ID number which the above appears.

C.      This letter further states that "a physician made this decision using a guide, the enclosed InterQual Clinical Criteria.  We used this criteria to help determine the care meets our enclosed medical necessity statement.  InterQual is nationally recognized and used by many hospitals and health plans."  Please provide the page of the Plan/Certificate of Insurance in which the InterQual document is referenced, including the document number and page ID number on which it is contained.

**<u>Interrogatory No. 7:</u>**

Please identify the physician that is alleged to be Board Certified in Neuro Surgery by name, license number, the state in which the physician is licensed, and identify where in the record this determination was made including the document number and page ID number.

**Interrogatory No. 8:**

In the record, attached to the Complaint at Doc. 1-4, PageID#:  166 is an e-mail that was sent to the employer from the Defendant BCBS of MA in response to an inquiry and it states, "I do see that Keith Canter has a surgical claim denied on 7-6-2015.  It denied *(sic.)* because we require medical records and an itemized bill.  I see that the information was received; however, the documentation provided did not show medical necessity.  A grievance was submitted and denied.  This is a high dollar claim with an out of network provider.  There was no authorization on file at the time of the services.  It looks as though they tried to obtain an authorization after the fact (on 3/3/16).  That was denied because the member did not meet the criteria for surgery based on the medical records."  Please identify the individual who sent this e-mail, the status of the position of that individual within the company, and where this is contained within the record (Doc. 24-25) filed by the Defendant and identify the document number and the page ID on which it is contained.

A.  With regard to the statement about "no authorization on file at the time of the services," please identify the document number(s) and the page ID number(s) in which this requirement appears in the Certificate.


B.  With regard to the authorization notation described above, please document when this was communicated to Plaintiff Canter and identify the document number(s) and the page ID number(s) on which this documentation of notice to Plaintiff Canter appears.

## DISCOVERY ON BIAS AND PREJUDICE

**Interrogatory 9:**

In the claim file at Doc. 25, PageID#:  665, there is a notation that "This is a pay sub high dollar facility claim."  Please explain in detail what this notation means, and why it is contained in the claim file.

**Interrogatory No. 10:**

Please identify the entity known as "MCMC" at 300 Crown Colony Drive, Suite 203, Quincy, Massachusetts 02189 and identify the relationship of MCMC to BCBS of MA in detail explaining how long the relationship has existed, whether there is a contract for said relationship and if so, identify the nature of the contract and define how compensation is made.

**Interrogatory 11:**

Please state the number of reviews that have been done by the entity "MCMC" identified above for the three years prior to the date of service for Keith W. Canter, from the date of July 13, 2014 to July 13, 2017, the date that this Complaint was filed, and state for each and every review of MCMC that was done on behalf or requested, directly or indirectly by the Defendant BCBS of MA, and please state the number of claims that MCMC reviewed for BCBS of MA.

A. Of these reviews for BCBS of MA as defined above, please state the number of claims that MCMC recommended claim payment for BCBS of MA from July 13, 2014 through July 13, 2017.

B. For the same date, please state the number of claims that MCMC or its reviewers reviewed for BCBS of MA during the period of time from July 13, 2014 through July 13, 2017 that payment was denied.

C. Please state the amount of money that was paid to MCMC for the review of Keith W. Canter by the physician for MCMC.

D. Please state the total amount of money that has been paid by BCBS of MA to MCMC from July 13, 2014 through July 13, 2017.

**Interrogatory No. 12:**

In the record, there is an MNBS charge sheet that appears at Doc. #26, PageID#: 1018 that defines what appears to be the amount of the claim for Keith W. Canter as $41,034.00 and on Doc. 26, PageID#: 1002 there is a payment detail that describes the uncovered services for Mr. Canter as totaling $43,988.00. Please explain the discrepancy and the page on which in the Plan/Certificate of Insurance that justifies the payment and the document number and page ID on which it appears.

**Interrogatory No. 13:**

Contained in Keith W. Canter's appeal is a billing statement from the treating physicians for the services provided to Mr. Canter that show an amount of $90,074.00 (Doc. 25, PageID#: 738) that was provided to BCBS of MA in his appeal. Please explain in detail why this amount is not payable by BCBS of MA for the services that were provided to Plaintiff Canter and identify the document number and the page ID on which this justification appears in the record. Conversely, please explain in detail why this full amount should not be paid and the page that supports this.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Please produce any document, record, or other information that constitutes a statement of policy or guidance with respect to the Plan concerning the grievance appeals program for a claimant without regard to whether such advice or statement was relied upon in making the benefit determination and specifically, please provide such document with regard to the **grievance program** that is defined in Doc. 26, PageID#: 898-904.

2.      Please produce any document, record, or criteria that demonstrates compliance with the administrative processes and safeguards required pursuant to 29 C.F.R. § 2560.503-1(b)(5) in making the benefit determination, specifically any evidence or documents that shows that the claim procedures contain the administrative processes and safeguards designed to ensure and verify that the benefit claim determinations are made in accordance with the governing Plan documents and that where appropriate, the Plan provisions have been applied consistently with respect to similarly situated claimants.

3.      Please produce any document, record, or other information that constitutes a statement of policy or guidance with respect to the Plan concerning the denial of benefits for a claimant without regard to whether such advice or statement was relied upon in making the benefit determination and specifically, please provide such document with regard to the **appeal program** that is defined in Doc. 26, PageID#: 898-904.

4.     Please produce the *curriculum vitaes* of every medical expert whose advice was obtained in making the Plan determination without regard to whether their opinions were relied upon in the benefit determination and specifically William Walsh, M.D., Richard Lewis, M.D., David Segal, M.D., and Christos Ahasiotis, M.D.

5.     In Doc. 25, PageID#: 666 there is a notation "Saved in high dollar cases 2016 folder W: drive." Please produce the document(s) that classify a high dollar case, how it is defined, and the threshold limit for the determination of what is a high dollar case and please produce any of BCBS of MA's criteria or standard that supports this classification as required under 29 C.F.R. § 2560.503-1(b)(5).

6.     Please produce any and all contracts with "MCMC" and BCBS of MA from January 1, 2015 to December 31, 2015 and all IRS Forms 1099 sent to MCMC by BCBS of MA for this period of time.

7.     Please produce any and all documents that support the payment of less than the ninety thousand and seventy dollars ($90,070.00) billed charges for Plaintiff Canter's treatment that supports the reduced payment amount.

## <u>REQUEST FOR ADMISSION</u>

1.      Please admit that the Defendant BCBS of MA has filed as documents filed at Doc. 25, PageID#: 798-811 were not provided to Plaintiff Canter in response to the letter and for the "Alkermes Healthcare Plan" made by Plaintiff Canter's counsel on July 25, 2016 that appears at Doc. #1-4, PageID#: 169 and again on August 5, 2016, Doc. #1-4, PageID#: 174.

Admit _____                    Deny  _____

If you deny the foregoing, please explain in detail.

2.      Please admit that the reviewing physician who was hired by MCMC when BCBS of MA made a referral did not receive a copy of the Blue Cross Blue Shield medical technology assessment criteria that is referenced in the Plan/Certificate of Insurance, Doc. 26, PageID#: 837 and was not used in the review.

Admit _____                    Deny  _____

If you deny the foregoing, please explain in detail.

3.      Please admit that the medical technology assessment criteria and the medical technology assessment criteria that is contained in the Plan/Certificate of Insurance at Doc. 26, PageID#: 837 were not used in the determination by the MCMC physician in his determination letter of March 14, 2016 (Doc. #25, PageID#:  704).


Admit _____                                    Deny  _____


If you deny the foregoing, please explain in detail.


4.      Please admit that the reviewing physician who was hired by MCMC when BCBS of MA made a referral did not receive a copy of the Blue Cross Blue Shield medical necessity criteria that is referenced in the Plan/Certificate of Insurance and contained at Doc. 26, PageID#:  838-39 for the determination of whether Plaintiff Canter's claim was medically necessary.


Admit _____                                    Deny  _____


If you deny the foregoing, please explain in detail.

5.    Please admit that the InterQual clinical criteria is not referenced in the Plan/Certificate filed by BCBS of MA in Doc. 24-25.


Admit _____                              Deny  _____


If you deny the foregoing, please explain in detail.




Respectfully submitted,


By:    */s/ Robert Armand Perez, Sr.*_____
         Robert Armand Perez, Sr., Esq. (OH 0009713)
         THE PEREZ LAW FIRM CO., L.P.A.
         6921 Fox Hill Lane
         Cincinnati, OH  45236-4905
         Telephone:   (513) 891-8777
         Facsimile:     (513) 891-0317
         E-mail:        rperez@cinci.rr.com
         **ATTORNEY FOR PLAINTIFF,**
         **KEITH W. CANTER**

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018 a copy of the foregoing Plaintiff Keith W. Canter's Amended First Set of Interrogatories, Request for Production of Documents, and Request for Admissions Issued to Defendant, Blue Cross Blue Shield of Massachusetts, Inc. was sent via U.S. Mail, with sufficient postage for delivery thereon, and also supplied via e-mail to the following at the e-mail address/addresses listed below:

Kent A. Britt, Esq. (#0068182)
Daniel C. Morgenstern, Esq. (#0088289)
VORYS, SATER, SEYMOUR AND PEASE, LLP
Great American Tower
301 East Fourth Street, Suite 3500
Cincinnati, OH 45201
Telephone:  (513) 723-4488
Facsimile:  (513) 852-7818
E-mail:  kabritt@vorys.com
E-mail:  dcmorgenstern@vorys.com
**ATTORNEYS FOR DEFENDANT,
BLUE CROSS BLUE SHIELD OF MASSACHUSETTS**


By:  _/s/ Robert Armand Perez, Sr._
**ATTORNEY FOR PLAINTIFF**