# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KEITH W. CANTER,<br>Plaintiff, | Case No. 1:17-cv-399<br>Dlott, J.<br>Litkovitz, M.J. |
| v. | |
| ALKERMES BLUE CARE ELECT<br>PREFERRED PROVIDER PLAN, *et al.*,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff brings this action to recover benefits under the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, against his employer, defendant Alkermes Blue Care Elect Preferred Provider Plan (Alkermes), and defendant Blue Cross Blue Shield of Massachusetts (BCBS of MA). This matter is before the Court on plaintiff's motion for the payment of attorney fees by defendant BCBS of MA (Doc. 62), defendant's response in opposition (Doc. 65), and plaintiff's reply in support of the motion (Doc. 66).

On July 17, 2018, plaintiff filed a motion to compel production of responses to the Amended First Set of Interrogatories, Request for Production of Documents, and Request for Admissions under Fed. R. Civ. P. 37(a)(3)(B) against defendant BCBS of MA. (Doc. 52). Plaintiff argued in the motion that discovery is available in an ERISA case when it is necessary to go beyond the administrative record to resolve a claimant's "procedural challenge." (*Id.* at 6). Defendant opposed plaintiff's discovery request on the ground that he had not made the threshold showing necessary to go beyond the administrative record and obtain discovery in an ERISA case. (Doc. 53). On October 24, 2018, this Court issued an order granting in part plaintiff's motion to compel discovery. (Doc. 61). Defendant was directed to answer

Interrogatories 1, 3 (in part), 4, 5, 8, 9, 10, 11 (in part), 12, and 13 and to comply with Requests for Production of Documents 2, 3, 5, 6 (in part), and 7. Plaintiff's motion to compel was denied insofar as he sought to compel defendants to answer Interrogatories 2 and 6 and comply with Requests for Production of Documents 1 and 4. The Court denied plaintiff's motion to compel defendant to respond to Requests for Admission 1 through 5.

Plaintiff filed his motion to recover attorney fees on December 12, 2018. (Doc. 62). Plaintiff moves the Court for an order under Fed. R. Civ. P. 37(a)(5)(A) requiring defendant to pay the attorney fees plaintiff incurred in compelling defendant to provide the requested discovery. (Doc. 62). Plaintiff seeks an award of attorney fees in the amount of $20,852.50 as compensation for the time his counsel expended to obtain the discovery sought by the motion to compel.

## I.     Fed. R. Civ. P. 37

Fed. R. Civ. P. 37 governs motions to compel discovery responses and the payment of expenses if a motion is granted in whole or part. Rule 37(a)(5)(A) provides for the payment of the "reasonable expenses incurred in making the motion," including attorney's fees, if the motion is granted or if the requested discovery is provided after the motion has been filed. Fed. R. Civ. P. 37(a)(5)(A). The Rule provides that "the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(C) applies if a motion to compel is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). Under that provision of the Rule, "the court may

2

issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Id.*

A court has discretion under Fed. R. Civ. P. 37(a)(5)(C) as to whether to apportion reasonable expenses for a motion to compel that is granted in part and denied in part. *Hollingsworth v. Daley*, No. 2:15-cv-36, 2016 WL 2354797, at *2 (E.D. Ky. Mar. 21, 2016) (Report and Recommendation), *adopted*, 2016 WL 1737956 (E.D. Ky. May 2, 2016). Factors relevant to whether an award of sanctions is warranted include whether the defendant's "failure to sufficiently respond was willful or made in bad faith" and whether the defendant's failure to respond has prejudiced the plaintiff. *Id.* (citing *Spees v. James Marine, Inc.*, No. 5:08-cv-73, 2009 WL 981681, at *5 (W.D. Ky. Apr. 13, 2009)). *See also Galinis v. Branch County*, No. 1:14-cv-00460, 2015 WL 2201696, at *3 (W.D. Mich. May 11, 2015) (the Court has greater discretion in deciding whether to award fees and costs under Rule 37(a)(5)(C) than it has under subsection (a)(5)(A)). An award of sanctions under Rule 37(a)(5)(C) has been held to be inappropriate where the parties prevailed on a motion to compel "in approximate equal degree." *Wright v. State Farm Fire and Cas. Co.*, No. 2:12-cv-409, 2013 WL 1945094, at *6 (S.D. Ohio May 9, 2013) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)).

## II. <u>Motion for Attorney Fees (Doc. 62)</u>

Plaintiff argues that he is entitled to attorney fees under Fed. R. Civ. P. 37(a)(5)(A). Plaintiff asserts that he articulated a due process violation in his complaint which entitled him to discovery that went beyond the administrative record. *See Collins v. Unum Life Ins. Co. of Am.*, 682 F. App'x 381, 389 (6th Cir. 2017). Plaintiff alleges that his counsel attempted to confer with defendant BCBS of MA's counsel and made extensive unsuccessful efforts to obtain the required

3

discovery without the Court's intervention. Plaintiff also contends that his counsel participated in conferences with the Court to resolve the parties' disputes concerning the requested discovery. Plaintiff alleges that defendant did not object to specific discovery requests or attempt to narrow the discovery issues. Further, plaintiff states that defendant did not comply with his discovery requests until after he had filed a motion to compel discovery on October 24, 2018, and the Court ordered defendant to answer certain interrogatories and to produce several of the requested documents. Plaintiff argues that the Court must award him attorney fees under Rule 37(a)(5)(A) because he substantially prevailed on his motion to compel, he attempted to resolve the parties' discovery issues without the Court's intervention, and defendant's opposition to plaintiff's discovery requests was not justified.

In response, defendant disagrees with plaintiff's position that Fed. R. Civ. P. 37(a)(5)(A) applies here. Instead, defendant argues that subsection (a)(5)(C) applies because the Court granted plaintiff's motion to compel discovery only in part. (Doc. 65). Defendant alleges that the parties prevailed equally on the motion to compel, and each party should therefore be responsible for their own fees. Defendant argues that even if Fed. R. Civ. P. 37(a)(5)(A) did apply, a fee award would not be appropriate in this case because defendant's opposition to plaintiff's discovery requests was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Defendant asserts that (1) discovery is generally not allowed in ERISA cases, (2) the law regarding exceptions to ERISA discovery is not settled, and (3) the extent of discovery in an ERISA case is ultimately determined by the court based on the particular facts and arguments of each case. Finally, defendant argues that to require it to pay plaintiff's attorney fees would be unjust because the Court advised plaintiff to file a motion to compel so that the Court could review plaintiff's discovery requests and decide whether discovery was warranted. *Id.* at 4.

4

In reply, plaintiff argues for the first time in support of his motion for fees under Rule 37(a)(5)(A) that defendant failed to comply with Fed. R. Civ. P. 33 and 34 by not stating its objections to plaintiff's interrogatories and document requests with specificity. (Doc. 66). Plaintiff further argues that defendant did not prevail to any extent on the motion to compel because defendant took the position that plaintiff was not entitled to *any* discovery, and the Court rejected defendant's position by granting plaintiff *some* discovery.

The threshold issue is whether Fed. R. Civ. P. 37(a)(5)(A) or (C) governs plaintiff's motion for fees. Rule 37(a)(5)(C) clearly states that when a motion to compel is granted in part and denied in part, this provision of the Rule is applicable. Plaintiff concedes that the Court did not grant his motion to compel in full and that the Court denied the motion as to several Interrogatories, Requests for Production of Documents, and Requests for Admission. (Doc. 62 at 2). Thus, Fed. R. Civ. P. 37(a)(5)(C) applies here.

The Court exercises it discretion to deny plaintiff's request for attorney fees. As the Court noted in its Order granting plaintiff's motion to compel in part, the district court's review in an ERISA case is generally confined to the administrative record; discovery is the exception to the rule. (*See* Doc. 61 at 9, citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998)). Discovery of evidence outside of the administrative record is warranted only where that evidence goes to a procedural challenge to the administrator's decision, such as an alleged lack of due process or alleged bias on the administrator's part. (*Id.*, citing *Pearce v. Chrysler Group, L.L.C. Pension Plan*, 615 F. App'x 342, 350 (6th Cir. 2015) (quoting *Wilkins*, 150 F.3d at 619)). If discovery is granted, the scope must be confined to the procedural challenge that warrants the discovery. (*Id.* at 10, citing *Moore v. Lafayette Ins. Co.*, 458 F.3d 416, 430 (6th Cir.

2006)). However, the law provides no bright-line rule as to what information and documents an ERISA claimant is entitled to discover.

The Court's extensive analysis of the law governing discovery in ERISA cases, and of the particular issues posed by plaintiff's motion to compel, highlight that it was far from clear whether plaintiff was entitled to discovery in this matter and, if so, what the scope of the discovery should be. (*See* Doc. 61). There is no indication that defendant acted in bad faith or with any degree of culpability by objecting to plaintiff's discovery requests. The objections defendant BCBS of MA raised to plaintiff's discovery requests were valid and, as to several of the discovery requests, successful. The parties attempted to resolve their disputes with the Court's assistance, and the Court ultimately advised plaintiff to file a motion to compel when the parties reached an impasse. Under these circumstances, plaintiff should not be awarded attorney fees for the expenses incurred in connection with his motion to compel.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's motion for attorney fees (Docs. 61) be **DENIED**.

Date: 4/22/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH W. CANTER,
Plaintiff,

Case No. 1:17-cv-399
Dlott, J.
Litkovitz, M.J.

v.

ALKERMES BLUE CARE ELECT
PREFERRED PROVIDER PLAN, *et al.*,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).