# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KEITH W. CANTER,

      Plaintiff,

  v.

ALKERMES BLUE CARE ELECT
PREFERRED PROVIDER PLAN,
et al.,

      Defendants.

Case No. 1:17-cv-399

JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

In its previous Opinion and Order, the Court described this matter as arriving at its "long-awaited end." (Doc. 142, #2991). That was overly optimistic. Despite receiving an award of $204,771 in attorney's fees, Canter now asks to up the ante, seeking an additional $75,460 in such fees. For the reasons discussed below, the Court **DENIES** Plaintiff Canter's Post Judgment Motion for Award of Attorney's Fees (Doc. 144).

## BACKGROUND

The essence of this (mostly resolved) matter is whether Plaintiff Canter's health plan—maintained by his former employer, Alkermes, Inc.—wrongly denied him benefits for a back surgery he received. (Op. & Order, Doc. 142, #2984). The detailed ins and outs of how the parties arrived at this point in the case, both factually and procedurally, are largely irrelevant to this Opinion and Order, so the Court merely summarizes the key facts.

Canter's job allowed him to participate in the Alkermes Blue Care Elect Preferred Provider Plan (the Plan),[1] which Defendant Blue Cross Blue Shield of Massachusetts, Inc., (BCBSMA) underwrote, insured, and administered. (*Id.* at #2984–85). After undergoing a lumbar decompression and discectomy at the Laser Spine Institute (LSI), LSI submitted two claims for reimbursement to BCBSMA for $41,034 and $43,988, respectively. (*Id.* at #2985). BCBSMA denied coverage of both claims. (*Id.* at #2986). So Canter eventually filed suit under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, seeking damages in the amount of the LSI claims, prejudgment interest, attorney's fees and costs, and other relief. (Compl., Doc. 1, #14–15).

After discovery, and in response to Canter's motion for judgment as a matter of law, (Doc. 69), the Court remanded the matter to BCBSMA to reconsider the benefits decision. (Doc. 100, #2594). The Court did not award any damages or monetary relief at that point, but rather directed BCBSMA to take a new look at its previous decision. (*Id.* at #2593–94). The Court also administratively terminated the matter on the docket, though it retained jurisdiction to review any new administrative decision at the request of any party. (*Id.* at #2594).

After successfully obtaining remand, Canter moved the Court for an award of attorney's fees. (Docs. 101, 103).[2] BCBSMA opposed the motion. (Doc. 106).

---

[1] Canter initially sued the Plan but dismissed it as a defendant without prejudice on August 16, 2017. (Doc. 100, #2562 n.2). So BCBSMA was the only defendant remaining.

[2] As noted in the most recent Opinion and Order, "Canter's fee motion was filed in duplicate because the first docketed version of the motion did not comply with Local Rule 5.1(c). There are no substantive differences between the two documents. (Doc. 125, #2852 n.1)." (Doc. 142, #2986 n.2).

2

Meanwhile, on remand, BCBSMA reversed its benefits decision and awarded Canter $41,034 on the first claim and $43,988 on the second—$85,022 in total. (Doc. 112-1, #2805–06). Believing he was entitled to more, Canter moved to reopen the case, (Doc. 111), and filed a motion for judgment as a matter of law on the record, (Doc. 112). In the latter, he sought pre-judgment interest based on BCBSMA's failure to make the $85,022 payment earlier. (*Id.*). BCBSMA again opposed both motions. (Docs. 118, 119).

The assigned Magistrate Judge then issued an R&R that recommended awarding Canter's earlier pre-remand request for attorney's fees but denying his request for interest. (Doc. 125, #2857–62). Each party objected to various aspects of the R&R. (Doc. 128, #2876–77; Doc. 129, #2897–98). The Court ultimately adopted in part and rejected in part the R&R. (Doc. 142, #3019). It determined that BCBSMA owed Canter $15,267.01 in prejudgment interest and awarded him $204,771 in attorney's fees and $622.75 in costs for obtaining remand (the remand that led to the $85,022 payment from the Plan to Canter). (*Id.* at #3019–20). As to attorney's fees—the topic most relevant to this Opinion and Order—the Court concluded that (1) the factors governing whether plaintiffs are entitled to fees in an ERISA action weighed in favor of granting Canter his fees, and (2) the $204,771 Canter sought in fees was reasonable. (*Id.* at #3010–19).

Importantly though, the Court did "not opine on whether a motion for fees related to the post-remand motions would or would not merit an award of fees and costs" because Canter had "not presented [such a request] to the Court for review."

3

(*Id.* at #3012). He has now. On June 25, 2024, Canter moved the Court for fees related to his counsel's post-remand activities. (Doc. 144).

But before turning to the present motion, the Court pauses to clarify what is at issue. Canter's attorney's work can be separated into two categories: (1) work that contributed to Canter obtaining a remand and the resultant $85,022 from BCBSMA (pre-remand work); and (2) work related to Canter's motion for attorney's fees for remand, (Doc. 103), second motions to reopen the case and for judgment as a matter of law on the record after remand, (Docs. 111, 112), and objections to the R&R, (Doc. 128) (collectively post-remand work). As to the first category, the Court already awarded Canter $204,771 in fees. (Doc. 142 at #3010–19). Fees for the work pertaining to the second category is what the Court must decide now. (*See* Doc. 144-2, #3041–44).

BCBSMA, for its part, opposes additional attorney's fees on two grounds. First, it argues that fees are inappropriate because Canter allegedly failed to comply with the Court's standing order related to attorney's fees. (Doc. 147, #3059–60). And second, it claims that the factors governing whether a plaintiff is entitled to recover fees in an ERISA action weigh against an award. (*Id.* at #3060–64). Canter has since replied. (Doc. 148). With that, this matter is once again ripe for the Court's review.

## LEGAL STANDARD[3]

In ERISA actions, the Court has the discretion to award fees and costs. 29 U.S.C. § 1132(g)(1). As the Court observed in the previous Opinion and Order, in exercising that discretion, it must consider and balance five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Lab. v. King*, 775 F.2d 666, 669 (6th Cir. 1985); *First Tr. Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005) (explaining that the factors are "simply considerations representing a flexible approach"). Only if the Court finds that an award of fees and costs is warranted under the *King* factors must it assess the reasonableness of the requested award. *See Bldg. Serv. Loc. 47 Cleaning Cont'rs Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401–02 (6th Cir. 1995) (using the lodestar approach to determine reasonableness).

---

[3] BCBSMA initially argues that Canter is not entitled to additional fees because he allegedly violated the Court's standing order relating to recovery of attorney's fees by failing to periodically provide BCBSMA records related to those fees. (Doc. 147, #3059–60). The parties agree that Canter's counsel emailed BCBSMA on June 10, 2021, notifying it of his plan to certify 449.4 hours (for the pre-remand work). (Doc. 148, #3075 (citing Doc. 147-1, #3068)). But they dispute whether Canter properly notified BCBSMA thereafter (as to the post-remand work). (*Compare* Doc. 147, #3060 *with* Doc. 148, #3075). In addition to that dispute, Canter argues that the standing order does not apply to the time when this case was pending before the Magistrate Judge. (Doc. 148, #3075–76). Given the Court's determination that the *King* factors weigh against awarding additional fees, *see infra* Sections A–D, the Court concludes it need not determine whether and to what extent the standing order applies, or the impact it may have had if the Court had determined that attorney's fees were otherwise warranted.

5

**LAW AND ANALYSIS**[4]

BCBSMA "concedes that it could satisfy an award of attorney fees," (Doc. 147, #3601)—the second of the five *King* factors. So in resolving whether Canter is entitled to additional fees, the Court will consider only the other four, taking them in turn.

**A.     BCBSMA's Culpability**

Start with BCBSMA's culpability. Although the Court previously found that BCBSMA's mishandling of Canter's initial claim demonstrated culpable conduct, the same is not true of the post-remand period. After the Court remanded Canter's case to BCBSMA to reconsider the benefits decision, (Doc. 100, #2594), BCBSMA reversed its decision and approved coverage for both of Canter's procedures. (Doc. 112-1, #2805–06). In so doing, a board-certified neurologist and board-certified orthopedic surgeon reviewed Canter's medical records. (*Id.* at # 2805). BCBSMA's timely approval of Canter's request for coverage on remand strikes the Court as evidence that BCBSMA considered the necessary information and appropriately responded to the remand.

Canter disagrees, arguing that the Court's findings in its previous Opinion and Order demonstrate how BCBSMA's original culpability somehow carried over to its post-remand conduct. (Doc. 144, #3027–28). But Canter's motion focuses solely on

---

[4] A significant part of Canter's briefing on this motion focuses on whether he obtained "some degree of success on the merits" by achieving remand. (Doc. 144, #3023–26 (cleaned up); Doc. 148, #3071–72). BCBSMA does not dispute that point insofar as it allows the Court to engage with the *King* factors. Rather, BCBSMA disputes the degree of Canter's success as it pertains to the reasonableness of fees awarded. (Doc. 147, #3064–66). So for purposes of this Opinion and Order, the Court will accept that Canter achieved some degree of success by obtaining remand. But as explained below, that success does not earn Canter additional fees.

BCBSMA conduct that occurred *before* the remand. (*Id.* at #3027 (highlighting BCBSMA's failure to adequately inform Canter of its decisional process and explain its initial denial of benefits)). Said differently, Canter's motion fails to point out any culpable conduct on BCBSMA's part *after* the remand. And his failure to distinguish between BCBSMA's pre- and post-remand conduct is problematic because the Court sees no reason to again deem BCBSMA culpable when BCBSMA ultimately gave Canter what he sought. Other courts agree with this approach. *See, e.g.*, *Barrett v. Hartford Life & Acc. Ins. Co.*, No. 10-cv-4600, 2012 WL 6929143, at *2 (S.D.N.Y. Nov. 9, 2012) (finding that "awarding fees for the portion of the litigation related to the insurer's [culpable conduct] but declining such an award for the portion of the litigation where the insurer's review met ERISA standards [] strikes the right balance"). The Court therefore concludes that this factor weighs against awarding additional fees.

B. **Deterrence**

Now consider deterrence. That is, whether a fee award would have a "deterrent effect … on other plan administrators[, which will] … likely [] have more significance in a case where the defendant is highly culpable" than in a case in which he has made only "[h]onest mistakes." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). Canter's problem here is that there is no conduct to deter. Yes, the Court found that fees would deter BCBSMA's original, *pre-remand* conduct, (Doc. 142, #3015–16), which is where Canter's brief focuses its attention, (Doc. 144, #3028). But again, *post-remand*, BCBSMA provided Canter the coverage he sought—$41,034 for his first

7

claim and $43,988 for his second claim. (Doc. 112-1, #2805–06). And even though BCBSMA and the Court denied Canter the nearly $300,000 he sought in statutory prejudgment interest under the Plan, (Doc. 119, #2820–21; Doc. 142, #2995–98), those denials do not give rise to any need for deterrence. The Court concluded that the Plan provision on which Canter relied did not support his request for interest, (Doc. 142, #2995–98), so BCBSMA did not act wrongly in denying that request. In short, in connection with the post-remand period, there is no conduct requiring deterrence. So the Court weighs this factor against awarding fees.

**C.     Common Benefit or Significant Legal Questions[5]**

Next consider whether Canter seeks to benefit all Plan participants or beneficiaries or to resolve a significant legal question about ERISA. Sixth Circuit precedent directly answers the common-benefit question: "Where a claimant seeks benefits only for himself, … the common-benefit factor [] weigh[s] against an attorney-fee award." *Shelby Cty. Health Care Corp. v. Majestic Star Casino, LLC Grp. Health Ben. Plan*, 581 F.3d 355, 378 (6th Cir. 2009). In pursuing the post-remand interest payment, fees, and costs, Canter sought monetary benefit for himself and his attorney. Said differently, he sought personal benefit, not a common benefit.

And Canter fares no better on the second ground (i.e., resolving a significant legal question). As far as the Court can tell, the only questions Canter raised post-remand were whether he was entitled to interest under the Plan, prejudgment

---

[5] The Court notes that Canter does not argue that this fourth *King* factor supports an award of fees. (*See generally* Doc. 144). But he also does not concede this factor. As such, the Court will consider its weight.

8

interest, or attorney's fees (for post-remand work). (*See* Docs. 103, 111, 112, 128). Those determinations hardly strike the Court as resolving "any difficult ERISA question." *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 533 (6th Cir. 2008). Indeed, the Court described his argument regarding his right to interest under the Plan as "baseless." (Doc. 142 at #2995). And while the Court ultimately awarded (a much smaller amount of) prejudgment interest, it did so under basic common-law principles. So this factor weighs against awarding additional fees.

### D. Relative Merit

That leaves the last factor—the relative merits of the parties' legal positions. Again, Canter wrongly focuses on the merits of BCBSMA's denial of benefits before the remand. (Doc. 144, #3029). The Court dealt with the merits (or lack thereof) of the parties' pre-remand positions in its previous Opinion and Order, which awarded Canter a substantial amount of attorney's fees. (Doc. 142, #3016–17). But again, the current motion seeks fees for post-remand work, so the Court focuses on the merits of the parties' positions after the remand in analyzing this factor.

Canter argued post-remand that he was entitled to interest on his claim under the Plan or to prejudgment interest on his claim under the theory of unjust enrichment and restitution. (Doc. 112, #2799–2804). He lost on both fronts. (Doc. 142, #2994–3001 (explaining Canter's Plan argument as "baseless" and rejecting unjust enrichment and restitution as the proper bases for prejudgment interest)). True, he received some prejudgment interest, but that was on common-law grounds—grounds

9

Canter never explicitly argued. (*Id.* at #2998–99). So the Court finds Canter's post-remand merits arguments unconvincing.

In fairness to Canter, the Court likewise questions the merits of BCBSMA's post-remand arguments. BCBSMA points to the Magistrate Judge's finding "that [BCBSMA] did not improperly deny Mr. Canter additional benefits in the form of interest under the Plan, and that an award of prejudgment interest was unwarranted." (Doc. 147, #3063 (citing Doc. 125, #2853–58)). But the Court already explained (in some detail) why it disagreed with BCBSMA (and with the Magistrate Judge) on the prejudgment interest front. (Doc. 142, #3001–05).

The Court thus finds that this factor is neutral on the question of awarding additional fees.

\* \* \*

Taken together, the Court finds that three of the five *King* factors weigh against a fee award, that one factor is neutral, and that one factor (ability to pay) favors an award. Against that backdrop, and especially given the very limited success that Canter achieved on any issues beyond the coverage award itself (i.e., the post-remand issues that comprise the bulk of the incurred attorney time), the Court declines to award additional fees beyond the $204,771 it has already awarded. It therefore need not discuss the question of reasonableness.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff Canter's Post Judgment Motion for Award of Attorney's Fees (Doc. 144).

10

**SO ORDERED.**

September 24, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

11